UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62400-CV-DIMITROULEAS

JASON HALLE,

    Plaintiff,

vs.

PETER HALLE AND RBSM LLP,

    Defendants.
_____/

**OMNIBUS ORDER GRANTING MOTIONS TO DISMISS;**
**REFERRING MOTION FOR PREFILING INJUNCTION TO JUDGE SNOW**

THIS CAUSE is before the Court on Defendant Peter Halle's Motion to Dismiss Plaintiff's Complaint and Motion for Prefiling Injunction [DE 16], and Defendant RBSM, LLP's Motion to Dismiss Plaintiff's Complaint [DE 27]. The Court has considered the Motions, *pro se* Plaintiff Jason Halle ("Plaintiff")'s Responses [DE's 20, 32], Defendant's Replies [DE's 26, 33], the exhibits filed in the record, and is otherwise fully advised in the premises.

**I. Background**

Plaintiff Jason Halle brings this action against Defendant Peter Halle, his brother, and Defendant RBSM, LLP ("RBSM"), over claims that, since August of 2007, Peter Halle has refused to distribute the Edward Halle Revocable Trust (the "Trust") in accordance with the Trust Documents, with the intention to injure Plaintiff, a beneficiary of the Trust. *See* [DE 1] at ¶ 1. Plaintiff alleges that Peter Halle acted improperly as the trustee of the Trust. *Id.* at ¶ 2. Plaintiff further alleges that Peter Halle, through his accountants RBSM, attempted to defraud Plaintiff and the IRS for several years. *Id.* at ¶ 4.

Plaintiff's December 7, 2017 Complaint alleges the following claims: Count I – Denial of Procedural Due Process; Count II – Breach of Fiduciary Duty/Constructive Fraud against both

Defendants; Count III – Breach of Trust against both Defendants; Count IV – Tax Evasion, False Returns, Failure to File 26 U.S.C. 7201, 7203,07206(1) against both Defendants; Count V – Violation of New York's Consumer Protection Act/General Business Law (GBL § 349 et. seq.) against both Defendants; Count VI – Gross Negligence/Intentional Misconduct Florida Statutes § 768.72, Restatement Second of Torts § 500 against Peter Halle. *See* [DE 1].

Defendants argue that the Complaint should be dismissed with prejudice for the following reasons: (1) Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine; (2) Plaintiff's claims are barred by *res judicata*; (3) Plaintiff's claims are barred by the statutes of limitations; (4) Plaintiff's claims fail to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6); and (5) the Court lacks personal jurisdiction over RBSM.  Peter Halle also requests that the Court enter a prefiling injunction against Plaintiff to curb his continued pattern of serial litigation.

### III.    Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679).

**IV.    Discussion**

Defendants argue that the Complaint should be dismissed with prejudice for the following reasons: (1) Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine; (2) Plaintiff's claims are barred by *res judicata*; (3) Plaintiff's claims are barred by the statutes of limitations; (4) Plaintiff's claims fail to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6); and (5) the Court lacks personal jurisdiction over RBSM.  Peter Halle also requests that the Court enter a prefiling injunction against Plaintiff to curb his continued pattern of serial litigation.   As set forth below, the Court agrees that this action must be dismissed.

After considering the allegations of the Complaint, the arguments and case law set forth in the parties' briefs, and taking judicial notice of the public record filings of the Florida state court actions[1], the Court agrees with Defendants that this case must be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine[2] and *res judicata*.  Furthermore, the Court lacks personal jurisdiction over Defendant RBSM for the claims Plaintiff alleges against it in this action.

The *Rooker–Feldman* doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court.  The doctrine is designed to ensure that the inferior federal courts do not impermissibly review decisions of the state courts—a role reserved to the United States Supreme Court." *Target Media Partners v. Specialty Mktg. Corp.*, No. 16-10141, 2018 WL 706524, at *1 (11th Cir. Feb. 5, 2018).  As the Eleventh Circuit recently explained:

> Consistent with the directions of the Supreme Court, we now apply *Rooker–Feldman* to bar only those claims asserted by parties who have lost in state court and then ask the district court, ultimately, to review and reject a state court's judgments. *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).
>
> To determine which claims invite rejection of a state court decision, we continue to apply an inquiry similar to the one that preceded *Exxon Mobil*. We continue to consider whether a claim was either (1) one actually adjudicated by a state court or (2) one "inextricably intertwined" with a state court judgment. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). And we have continued to describe a claim as being "inextricably intertwined" if it asks to "effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (internal quotation marks and citation omitted).

---

[1] The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent. *McDowell Bey v. Vega*, 588 F. App'x 923, 926–27 (11th Cir. 2014) (finding that district court properly took judicial notice of entries appearing on state court's docket sheet).
[2] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)

> Notably, however, a federal claim is not "inextricably intertwined" with a state court judgment when there was no "reasonable opportunity to raise" that particular claim during the relevant state court proceeding. *Id.* (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)). Thus, the class of federal claims that we have found to be "inextricably intertwined" with state court judgments is limited to those raising a question that was or should have been properly before the state court.

*Target Media Partners,* 2018 WL 706524, at *5.  Significantly, even if the state court judgment was unconstitutional, *Rooker-Feldman* prevents the federal district court from correcting the error. *Feldman*, 460 U.S. at 486.  *See also Valentine v. BAC Home Loans Servicing, L.P.*, 635 F. App'x 753, 757 (11th Cir. 2015)

The doctrine of *res judicata* precludes re-litigation of issues in a later action that were, or could have been, raised in a previous action in which a final judgement on the merits has been issued.  *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, n.6 (1982); *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Allen v. McCurry*, 449 U.S. 90 (1980); *Baptiste v. Commission of Internal Revenue*, 29 F.3d 1533, 1539 (11th Cir. 1994).  *Res judicata* is intended to release parties from the cost and vexation of multiple lawsuits, prevent inconsistent decisions concerning the same claims and encourage reliance on previously adjudicated claims.  *Allen*, 449 U.S. at 93; *Parkland Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).

The allegations from Complaint in the instant case are essentially the same as those claims in the prior cases, at least two of which were dismissed with prejudice. *See* [DE 16-1 through 16-15].  Indeed, Plaintiff concedes that this case arises from the same operative facts as the prior actions. *See* [DE 20] at p. 2.  In particular, the Court takes note of the fact that Plaintiff's claims against Peter Halle regarding the Trust have been previously dismissed as barred by *res judicata*. *See* [DE 16-14] at pp. 2-4.  Plaintiff cannot resurrect the same claims, or

submit claims that could have been raised previously, in the instant action. *Federated Department Stores, Inc.*, 452 U.S. at 399.

Furthermore, as to Defendant RBSM, the Court finds no basis to exercise personal jurisdiction over this Defendant. The Complaint fails to contain factual allegations sufficient to establish personal jurisdiction and the factual allegations that are alleged in the Complaint makes it clear that no such basis exists. Additionally, Defendant RBSM has submitted evidence supporting lack of personal jurisdiction which Plaintiff has failed to rebut with evidence.

Because of the fatal flaws explained *supra*, which require dismissal of the entire action, the Court need not reach Defendants' additional arguments asserted in support of dismissal.

**V.     Conclusion**

For the reasons stated, it is **ORDERED AND ADJUDGED** as follows:

1. The Motions to Dismiss [DE's 16, 27] are **GRANTED**.
2. **This action is DISMISSED with prejudice**.
3. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.
4. Peter Halle's request that the Court enter a prefiling injunction against Plaintiff to curb his continued pattern of serial litigation is hereby **REFERRED** to United States Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation.

**DONE and ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida this 24th day of April, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of Record

Jason Halle
2232 North Cypress Bend Drive
Apt. 103
Pompano Beach, FL 33069